16 F.3d 1226
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
EVAN BEN-HUR, Defendant-Appellant.
 No. 93-1230.
 United States Court of Appeals, Seventh Circuit.
 Argued Nov. 30, 1993.
Decided Feb. 18, 1994.
 
 Appeal from the United States District Court for the Eastern District of Wisconsin, No. 92 CR 166; Terence T. Evans, Chief Judge.
 E.D.Wis.
 VACATED AND REMANDED.
 Before ESCHBACH, MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 District Court Judge Terence T. Evans departed significantly from the applicable Federal Sentencing Guidelines range when he sentenced Evan Ben-Hur. Because the district court judge did not provide legally sufficient reasons for his upward departures, we vacate Ben-Hur's sentence and remand for resentencing.
 
 I.
 
 2
 A jury convicted Ben-Hur of destroying a building used in
 
 
 3
 interstate commerce by means of fire and explosive materials
 
 
 4
 in violation of 18 U.S.C. Sec. 844(i). The Sentencing
 
 
 5
 Guidelines assign a base offense level of 24 to an arson
 
 
 6
 involving the destruction of a dwelling. U.S.S.G. Sec.
 
 
 7
 2K1.4(a)(1)(B). Without any departures, Ben-Hur would have
 
 
 8
 been eligible for 51-63 months imprisonment.
 
 
 9
 The district court, however, sentenced Ben-Hur to 120 months
 
 
 10
 imprisonment, the statutory maximum, after making three
 
 
 11
 sentencing departures. The district court assigned four
 
 
 12
 additional points to Ben-Hur's base offense level because of
 
 
 13
 "aggravating circumstances" and then added two more points
 
 
 14
 because of Ben-Hur's supervisory role in the offense. These
 
 
 15
 departures raised Ben-Hur's base offense level to 30. In
 
 
 16
 addition, the district court moved Ben-Hur from criminal
 
 
 17
 history category I to criminal history category II. In
 
 
 18
 total, these departures placed Ben-Hur in a sentencing range
 
 
 19
 of 108 to 135 months, straddling the statutory maximum of
 
 
 20
 ten years. Ben-Hur challenges the propriety of each of
 
 
 21
 these departures. We have jurisdiction under 28 U.S.C. Sec.
 
 
 22
 1291 and 18 U.S.C. Sec. 3742(a)(2) and (3).
 
 II.
 
 23
 Ben-Hur loosened the natural gas tubing in his kitchen, allowing gas to escape into his home. The gas built up and eventually exploded. The explosion and subsequent fire destroyed his home. At the time of the fire, Ben-Hur was renting the upstairs portion of his home to three art students. At sentencing, the district court added four points to Ben-Hur's base offense level because of several "aggravating" circumstances it identified in Ben-Hur's crime. The specific factors were: (1) the house was a multiple family dwelling; (2) the method employed by the defendant to create the fire (the use of natural gas to cause a powerful explosion); (3) the extent of the personal loss suffered by the three tenants (their art work and personal possessions); and (4) the grave danger to which Ben-Hur exposed others due to the method by which he destroyed his house.
 
 
 24
 A district court is permitted to depart from the Sentencing Guidelines only when it finds aggravating or mitigating circumstances of a kind, or to a degree, not adequately considered by the Sentencing Commission. 18 U.S.C. Sec. 3553(b). However, characteristics or circumstances which are part of the "heartland" of the offense, or which apply to the bulk of such crimes are inappropriate grounds upon which to depart. United States v. Ferra, 900 F.2d 1057, 1064 (7th Cir.1990), cert. denied, 112 S.Ct. 1939 (1992). Under these standards, the latter three factors identified by the district court cannot serve as proper grounds for an upward departure. These factors--the method of fire, the property loss suffered by the tenants, and the danger of the fire itself--are intrinsic to the crime of arson and are already adequately accounted for in the base offense level set for arson. As we have stated many times before, departures are the exception, not the rule. United States v. Carey, 895 F.2d 318, 326 (7th Cir.1990). See also U.S.S.G. Ch. 1, Pt. A, intro. 4(b). By using the latter three factors as reasons for raising Ben-Hur's base offense level, the district court double counted and punished the defendant twice--once for the crime of arson and again for its particular circumstances.
 
 
 25
 Notwithstanding our disapproval of the district court's consideration of the latter three factors, we do hold that the district court may consider the first factor in resentencing Ben-Hur. Ben-Hur shared his home with three students who lived in the upstairs portion of the house. In several of his pre-trial papers, Ben-Hur referred to the upstairs portion of his house as a "mother-in-law's apartment." If the students' living area was sufficiently distinct from the rest of Ben-Hur's house, we might properly consider it a separate apartment. Ben-Hur's destruction of multiple dwellings could possibly constitute an aggravating circumstance meriting an upward departure. However, we leave this determination to the district court on remand.
 
 
 26
 Finally, we also note that the district court completely failed to explain its decision to depart by four points. A district court must explain significant departures--those of more than two levels--with a care commensurate to their exceptional quality. United States v. Muzika, 986 F.2d 1050, 1054 (7th Cir.1993), quoting Ferra, 900 F.2d at 1064. The district court gave no reason for the magnitude of its departure and failed to link the four point departure to the structure of the Guidelines. See United States v. Gaddy, 909 F.2d 196, 199 (7th Cir.1990) (holding that the degree of departure must be linked to the structure of the Guidelines). We remind the district court of its obligation to explain its reasons for a departure and the extent of the departure. Muzika, 986 F.2d at 1054.
 
 
 27
 The district court also assigned two additional points to Ben-Hur's base offense level for his supervisory role in the arson. Sentencing Guidelines Section 3B1.1(c) provides for a two point enhancement if the defendant "was an organizer, leader, manager, or supervisor in any criminal activity...." The district court assigned the additional points because "the evidence clearly indicated that there was another person involved with Ben-Hur. That person was in all likelihood Gary Straw." When pressed by Ben-Hur's attorney to point to evidence of supervision, the district court stated:
 
 
 28
 The whole motive and scheme in this case was generated by Evan Ben-Hur. Evan Ben-Hur stood to profit from this. Evan Ben-Hur committed this crime with the assistance of Gary Straw. And I find that by the preponderance of evidence, which is all I have to find by here, that he was the supervisor of any activities done by his assistant in this offense.
 
 
 29
 We vacate this enhancement because the district court based its decision primarily on speculation and failed to provide any supporting facts. While we review a finding of an aggravated role under Section 3B1.1 under the clearly erroneous standard, United States v. Goines, 988 F.2d 750, 777 (7th Cir.1993), we must first have some findings to review. See also 18 U.S.C. Secs. 3553(c), 3742(e)(3); United States v. Gaddy, 909 F.2d 196, 199 (7th Cir.1990) (holding that the reasonableness of a sentencing departure is determined in light of the district court's explanation at the time of sentencing). Conclusions unadorned with factual support do not satisfy the district court's duty to explain precisely the basis for its specific factual findings. See Goines, 988 F.2d at 775. However, even though Judge Evans failed to explain adequately his factual findings, the district court upon resentencing is obviously free to consider Ben-Hur's role in the offense to determine whether there is sufficient factual evidence to support a supervisory role enhancement.
 
 
 30
 Finally, the district court moved Ben-Hur from criminal history category I to II because of "what he did in this case, his drug activity, his background in drugs." Ben-Hur argues that this horizontal departure was based on a factor expressly prohibited by the Sentencing Guidelines. Chapter Four of the Sentencing Guidelines governs the determination of a defendant's criminal history and expressly prohibits departures based on a defendant's drug abuse. U.S.S.G. Ch. 4, Pt.A, intro. comment. See also U.S.S.G. Sec. 1A4(b), p.s.; U.S.S.G. Sec. 5H1.4. Because Ben-Hur's cocaine addiction was a major issue in the trial, Ben-Hur claims the district court improperly considered his drug dependency when it changed his criminal history category. In contrast, the government contends that the district court departed because of Ben-Hur's alleged drug dealing, not his drug dependency. In light of the district court's inadequate explanation for this departure and the possibility that the departure was, at least in part, based on an impermissible factor, we also vacate this departure. Again, the district court is free to consider any evidence of Ben-Hur's alleged drug dealing and determine on its own whether a departure can be justified under Section 4A1.3 of the Sentencing Guidelines.
 
 III.
 
 31
 The district judge was obviously displeased with the base offense level for arson and its statutory sentencing range. Stating that his sentencing methodology often began with "just some gut feeling that the punishment called for by the Guidelines does not fit the crime," the district judge indicated that he would depart from the Guidelines if he could find some legal basis to do so. This is troubling. The district judge's apparent manipulation of the Sentencing Guidelines to fashion a more "appropriate" punishment for Ben-Hur is outside the bounds of proper judicial discretion. The Sentencing Guidelines are designed to promote uniformity and openness in sentencing. Ferra, 900 F.2d at 1062.
 
 
 32
 Notwithstanding his sincere disagreement with the Sentencing Guidelines, we hope this very able district judge will heed our past admonition that:
 
 
 33
 ... disagreement with the law does not justify undermining it. Congress instructed the judiciary to produce consistency; the Sentencing Reform Act is not a challenge to judicial ingenuity, but an exercise of Congress' constitutional power to make law. Judges spend their lives penalizing others who depart from legal norms. Judges are no less bound by the law than those who come before them as litigants.
 
 
 34
 U.S. v. Ruffin, 997 F.2d 343, 344 (7th Cir.1993). Judge Evans' resistance to the Federal Sentencing Guidelines has resulted in the unnecessary expenditure of judicial resources. For these reasons, we VACATE the defendant's sentence and REMAND for resentencing. Circuit Rule 36 shall apply on remand.